**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 03-4308**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH CONWAY WRIGHT,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (CR-01-1019)

─────────

Submitted:  July 18, 2003          Decided:  August 12, 2003

─────────

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Sean Kittrell, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Conway Wright pleaded guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). He was sentenced to 112 months in prison. Wright appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two claims but stating that there are no meritorious issues for appeal. Wright has filed a pro se supplemental brief. We affirm.

Wright, a convicted felon, entered a store carrying a gun. Wright admits that he "showed" the gun to a store employee who confronted him. In South Carolina, pointing or presenting a firearm at another person is a felony punishable by five years in prison. S.C. Code Ann. § 16-23-410 (2003).

Our review of the record discloses full compliance with Fed. R. Crim. P. 11. Further, the four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002) was proper, in light of Wright's violation of § 16-23-410. Finally, because ineffective assistance of counsel is not apparent on the face of the record, Wright should raise this claim, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2000), rather than on direct appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

We therefore affirm. As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.

2

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation.  Counsel's motion must state that counsel served a copy of the motion on Wright.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3